CHASE & *als. versus* JEWETT.

In an action upon written orders for the delivery of goods, which contain no reference to any prior negotiation between the parties, parol testimony to show a previous agreement for a longer term of credit than that expressed by the orders, is inadmissible.

EXCEPTIONS from *Nisi Prius,* HOWARD, J., presiding.

ASSUMPSIT, for goods delivered to defendant on three orders, by him drawn on the plaintiffs, of the following tenor:

"PORTLAND, July 30, 1851.

"Please let Mr. B. Rand have hardware to an amount not exceeding one hundred and fifty dollars, and I will settle with you for the same."

"Nov. 29, 1851.

"Please let B. Rand have goods to the amount of fifty dollars and charge the same on account."

Another dated Feb. 17, 1852, similar to the preceding.

The suit was commenced on Feb. 28, 1852. Plaintiffs proved the delivery of items of hardware after the date of the orders to their amount.

The defendant showed by Rand that he, witness, was sent

by him to the plaintiffs to make the trade for hardware for his house which he was building. That he told one of the plaintiffs he should want about $200 worth, and wanted the account to run a year. He said, he had no objection if Woodbury, his partner, would consent. The witness saw Woodbury soon after and he said he would let the defendant have the goods on one year.

The orders were made at the request of the witness, and the first one was drawn soon after the conversation with Woodbury. The witness made known to defendant that the goods were to be on a year's credit, when the order was given.

All the testimony of Rand was objected to, especially all testimony tending to show any different contract than that contained in the written orders, or any different term of credit than was provided for in the written orders, but the presiding Judge admitted the evidence.

The jury returned a verdict for defendant. To the instructions exceptions were taken, as well as to the admission of defendant's testimony, but the point, upon which the opinion of the Court was based, renders it unnecessary to give the instructions.

*Shepley & Dana*, in support of the exceptions.

That the testimony of Rand was inadmissible and should have been excluded, they cited *Goss* v. *Lord Nugent*, 5 B. & Ad. 58; Phil. on Ev., Cowen & Hill's notes, part 2d, Note 295, page 358, 3d Am. Ed., where the cases are collected. *Barker* v. *Prentiss*, 6 Mass. 434; *McCullough* v. *Girard*, 4 Wash. C. C. R. 292; *Mead* v. *Steger*, 5 Porter, 505; *Barringer* v. *Sneed*, 3 Stew. 201; *Simpson* v. *Henderson*, 1 Moody & Mal. 300; *Thompson* v. *Ketchum*, 8 Johns. 189; *Hunt* v. *Adams*, 7 Mass. 518; *Pattison* v. *Hull*, 9 Cowen, 747.

*S. C. Strout*, contra.

TENNEY, J. — The foundation of this action is three orders given by the defendant on the plaintiffs for goods, which were proved to have been delivered thereon; on one, the

defendant promised, "I will settle with you for the same;" and on each of the others were added the words, " and charge the same on account."

The import of these orders was, that the goods directed to be delivered were to be paid for, on demand. Without the evidence in defence, the orders and the proof of the delivery of the goods, would entitle the plaintiffs to prevail in a suit instituted immediately afterwards.

If instead of the orders, the defendant had received the goods and thereupon had given his note for the amount without specifying the time of payment, the contract would not have varied essentially from those now relied upon, in respect to the time when he would be bound to pay the amount. In both cases the law would require payment presently.

" Parol cotemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument." 1 Greenl. Ev. § 275. And in obedience to this principle, when the instrument purported to be absolute to pay at a specified day, parol evidence at the same time, that the payment should be prolonged, was held inadmissible. *Hanson* v. *Stetson*, 5. Pick. 506, was an action of assumpsit, on a note of hand, given by defendant to the plaintiff, to pay fifty dollars on demand. In defence, parol evidence was offered, that the note should not be called for, so long as the interest should be paid. The maker of the note always paid the interest punctually. The evidence was rejected. And the Court held the evidence in direct contradiction of the note. *Spring* v. *Lovett*, 11 Pick. 417.

The case of *Hunt* v. *Adams*, 7 Mass. 519, was that of a note given by Joseph Chaplin to Isaac Bennett, and on the same paper below, was the following: " I acknowledge myself holden as surety for the payment of the demand of the above note," and signed by the defendant. At the trial, the defendant offered to prove, by oral testimony, that it was agreed between Bennett and Chaplin, at the time the note was given, that the defendant was liable only in the event of a final loss, occasioned by the inability of Chaplin, and

that event had never occurred.    The evidence was rejected.
The opinion of the Court was delivered by SEWALL, J., who
says, " In this case, the agreement preceded the 'making of
the note in question," — "and this evidence may be objected
to as irrelevant.    In the motion, the previous agreement be-
tween Bennett and Chaplin, is not stated to have been com-
municated to Adams, the defendant; and then it is in no
sense his agreement; or if it was communicated, there is no
necessary presumption, that he substituted his guaranty with
any reliance upon that stipulation."    The evidence offered
and rejected, was held inadmissible and incompetent to con-
trol the legal effect of a written contract.

The evidence adduced in the defence of the present action,
on the authority of the case last referred to, was irrelevant;
the negotiation between Rand and the plaintiffs having pre-
ceded the orders.    Nothing upon their face shows that they
were drawn with any reference to that negotiation; and
they must be construed according to their own terms, un-
affected by parol evidence, which was introduced for the pur-
pose of changing their legal effect.

The evidence received was inadmissible when objected to,
and the instructions based upon it were erroneous.

*Exceptions sustained. — New trial granted.*

SHEPLEY, C. J., and WELLS, and APPLETON, J. J., con-
curred.